UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
MOHAMMED BHUIYAN,

                              Plaintiff,                    9:06-CV-0409
                                                           (FJS)(GJD)

        v.

CORRECTIONAL OFFICER WRIGHT;
CORRECTIONAL OFFICER KUC; SERGEANT
KOZIOL; SERGEANT WITHERS,

                              Defendants.

APPEARANCES:                          OF COUNSEL:

MOHAMMED BHUIYAN
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL        SENTA B. SIUDA, ESQ.
State of New York                     Assistant Attorney General
Counsel for Defendants Kuc, Koziol, Withers

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

**DECISION AND ORDER**

**I.      Introduction**

        Presently before the Court is a motion from plaintiff to compel discovery.  Dkt.

No. 35.  Plaintiff has also filed a motion for leave to file an amended complaint.  Dkt.

No. 37.

**II.     Motion to Compel**

        Plaintiff's motion to compel seeks an order of this Court directing the

defendants to respond to his discovery requests.  Dkt. No. 35.  According to the

motion, plaintiff seeks several categories of documents, as well as information sufficient to identify defendant Wright so that service of process may be effected on him.[1]  Attached to the motion is a set of interrogatories directed to defendant Koziol. The interrogatories bear the same date as the motion to compel.

Defendants oppose plaintiff's motion on the ground that it is premature.  Dkt. No. 36.  Counsel states that "the only discovery demands plaintiff has ever served on defense counsel were served with plaintiff's motion to compel."  Dkt. No. 36 at 1. Counsel further states that five sets of interrogatories were served with the motion to compel and that she advised plaintiff in writing that responses would be provided by the three defendants in this action (Kuc, Koziol and Withers).  *Id.* at 1-2.[2]  Insofar as plaintiff seeks to compel production of documents requested in the motion itself, defendants' counsel opposes the motion as premature.  *Id.*

Plaintiff has filed a reply.  Dkt. No. 43.  Plaintiff states that he served the interrogatories on the defendants in June, 2007, and that the requested discovery is necessary to fully identify and effect service of process on Correctional Officer Wright.  *Id.*

---

[1]  The summons was returned unexecuted because three officers with the last name of Wright are employed at Auburn Correctional Facility.  Dkt. No. 6.

[2]  The other interrogatories were directed to Correctional Officer Wright and Correctional Officer W. Davis.  Plaintiff seeks to name W. Davis as an additional defendant.  See Dkt. No. 37 (Plaintiff's Motion to Amend).

Upon review, it does not appear that plaintiff served his discovery requests on the defendants prior to filing his motion to compel, and the motion is therefore denied as premature. Moreover, since defendants' counsel undertook to obtain responses to the interrogatories from the three defendants, no further order is necessary with respect to these requests.[3] Insofar as plaintiff seeks the production of documents related to the August 20, 2003 incident at Auburn Correctional Facility (which, presumably, will contain Officer Wright's full name), as well as his medical and dental records, counsel is directed to advise the Court in writing whether the requested documents have been made available to plaintiff and, if not, whether defendants object to the production thereof.

## III.   Motion to Amend

By his motion to amend, plaintiff seeks to name Correctional Officer W. Davis as an additional defendant. Plaintiff claims that Davis was directly involved in the August 20, 2003 assault. Dkt. No. 37.

Defendants oppose the motion because the proposed amended complaint submitted in support of the motion does not appear to be a complete pleading. Dkt. No. 38.

---

[3] Defendants were granted an extension of time until August 31, 2007 to respond to plaintiff's discovery. Dkt. No. 42. The discovery completion deadline is set for September 30, 2007. Dkt. No. 40.

3

Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendment of complaints, but in the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21. *United States v. Chilstead Building Co.*, No. 96-CV-0641 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.) (citations omitted). Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." *Id.* Addition of parties under Rule 21 is guided by the same liberal standard as a motion to amend under Rule 15. *Chilstead; Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).[4]

Upon review, it appears to the Court that plaintiff has submitted only a partial amended pleading, consisting of the identification of the parties and an expanded statement of facts. *See* Dkt. No. 37-2. Plaintiff has failed to include a statement of the causes of action asserted herein or a request for relief. As defendants note, this appears to be plaintiff's fourth attempt to add Officer Davis as a defendant. *See* Dkt. No. 38.

In light of plaintiff's *pro se* status, the Court hereby affords plaintiff a **FINAL** opportunity to file a proposed amended complaint which names Correctional Officer

---

[4] Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).

W. Davis as a defendant along with defendants Wright, Kuc, Koziol and Withers and which sets forth all of plaintiff's claims against these individuals arising from the August 20, 2003 incident at Auburn Correctional Facility.  Plaintiff shall prepare his amended complaint on the form provided by the Clerk of the Court, and shall sign, serve and file his proposed pleading **no later than October 31, 2007.  Plaintiff is specifically advised that he will not be afforded a further opportunity to amend his complaint in this action.**

**WHEREFORE**, based upon the foregoing, it is hereby

**ORDERED**, that plaintiff's motion to compel (Dkt. No. 35) is **DENIED AS PREMATURE**, and it is further

**ORDERED**, that defendants' counsel advise the Court in writing **within thirty (30) days** of the filing date of this Order, whether the documents requested by plaintiff in his motion to compel have been made available to plaintiff and, if not, whether defendants object to the requested production, and it is further

**ORDERED**, that motion to amend (Dkt. No. 37) is **DENIED**, and it is further

**ORDERED**, that plaintiff is hereby afforded a **FINAL** opportunity to submit a proposed amended complaint which names Correctional Officer W. Davis as a defendant along with defendants Wright, Kuc, Koziol and Withers and which sets forth all of plaintiff's claims against these individuals arising from the incident at

Auburn Correctional Facility on August 20, 2003.  Plaintiff shall prepare his amended complaint on the form provided by the Clerk of the Court, and shall sign, serve and file his proposed pleading **no later than October 31, 2007**.  **Plaintiff is specifically advised that he will not be afforded a further opportunity to amend his complaint in this action**, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.  The Clerk shall also send plaintiff a copy of the form complaint for claims under 42 U.S.C. § 1983.

Dated: September 26, 2007

Hon. Gustave J. DiBianco
U.S. Magistrate Judge