UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
MOHAMMED BHUIYAN,

                Plaintiff,           9:06-CV-0409
                                                          (FJS)(GJD)

    v.

CORRECTIONAL OFFICER WRIGHT;
CORRECTIONAL OFFICER KUC; SERGEANT
KOZIOL; SERGEANT WITHERS,

                Defendants.
-------------------------------------------------------------

APPEARANCES:                                     OF COUNSEL:

MOHAMMED BHUIYAN
Plaintiff, *pro se*

OFFICE OF THE ATTORNEY GENERAL        SENTA B. SIUDA, ESQ.
State of New York                                  Assistant Attorney General
Counsel for Defendants Kuc, Koziol, Withers

GUSTAVE J. DI BIANCO, MAGISTRATE JUDGE

## DECISION AND ORDER

      By Decision and Order of this Court filed September 26, 2007, *pro se* plaintiff Mohammed Bhuiyan was afforded a final opportunity to submit an amended complaint naming W. Davis as an additional defendant in this action. Dkt. No. 44 (the "September Order"). The September Order also denied plaintiff's motion to compel and directed defendants to file a status report regarding discovery. *Id*. at 2-3.

      Plaintiff duly filed a proposed amended complaint. Dkt. No. 48. Upon review, the Court find that the proposed pleading substantially complies with the

September Order and, therefore, accepts it for filing in this action. The Clerk of the Court is directed to revise the docket to add "Correctional Officer W. Davis" as a defendant. The Clerk shall issue a revised summons and forward it to the U.S. Marshal for service on defendant Davis. The Court notes that defendant Wright is identified in the amended complaint as "S. Wright." Dkt. No. 48 at 2. The Clerk shall revise the docket accordingly and shall undertake to effect service of process on this defendant.[1]

In accordance with the September Order, defendants' counsel submitted a status report regarding discovery on October 25, 2007. Dkt. No. 47. Upon review, it appears that defendants' responses to plaintiff's discovery requests may not be complete. Although the incident complained of in this action occurred on April 20, 2003, and notwithstanding the fact that plaintiff's motion to compel clearly stated that he was seeking discovery relating to that incident (including any unusual incident report), defendants' discovery response refers to "the August 23, 2003 incident you reference in your complaint." Dkt. No. 47-2.[2] Thus, defendants advised plaintiff that "there is no Unusual Incident Report involving you on the date of

---

[1] The original summons was returned unexecuted because three officers with the last name of Wright are employed at Auburn Correctional Facility, and plaintiff had not provided a first name or initial for this defendant. Dkt. No. 6.

[2] The September Order contained a mistaken reference to the incident as having occurred on August 23, 2003 rather than on April 23, 2003. Dkt. No. 44 at 3.

August 20, 2003." Dkt. No. 47-2. The Court is not able to determine whether an Unusual Incident Report exists regarding an incident on April 23, 2003 or, if so, whether it has been produced to plaintiff. Defendants are hereby directed to respond to plaintiff's request for discovery related to the **April 20, 2003** incident and to produce copies of any and all documents responsive to that request **within thirty (30) days** of the filing date of this Order. Defendants shall also either include in that production a copy of the May 27, 2003 draft response to plaintiff's letter dated April 24, 2003 identified in their status report, or seek a protective order by motion setting forth the legal basis for their claim that this document may be withheld from production.

    **WHEREFORE**, based upon the foregoing, it is hereby

    **ORDERED**, that plaintiff's amended complaint (Dkt. No. 48) is accepted for filing in this action. The Clerk of the Court shall revise the docket to add "Correctional Officer W. Davis" as a defendant and to further identify "Correctional Officer Wright" by the first initial "S." The Clerk shall issue revised summonses and forward them to the U.S. Marshal for service of process on these defendants, and it is further

    **ORDERED**, that a formal response to plaintiff's amended complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil

Procedure subsequent to service of process on the defendants, and it is further

**ORDERED**, that defendants provide plaintiff with copies of any and all documents relating to the April 20, 2003 incident at Auburn Correctional Facility complained of in this action **within thirty (30) days** of the filing date of this Decision and Order.  Defendants shall either include in that production a copy of the May 27, 2003 draft response to plaintiff's letter dated April 24, 2003 or seek a protective order setting forth the legal basis for their claim that this document may be withheld from production, and it is further

**ORDERED**, that defendants' counsel advise the Court in writing **within thirty (30) days** of the filing date of this Order, regarding their compliance with this Decision and Order, and it is further

**ORDERED**, that the Clerk return the file to this Court no later than December 30, 2007 for review and the resetting of the pretrial deadlines, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: November 21, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge