**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MOHAMMED BHUIYAN,**

                  **Plaintiff,**

              v.                                9:06-CV-409
                                                      (FJS/GJD)

**S. WRIGHT, Correctional Officer; P. KUC,**
**Correctional Officer; M. KOZIOL, Correctional**
**Officer; M. WITHERS, Correctional Officer; and W.**
**DAVIS, Correctional Officer,**

                  **Defendants.**

---

**APPEARANCES**                                   **OF COUNSEL**

**MOHAMMED BHUIYAN**
**00-A-5128**
Gowanda Correctional Facility
P.O. Box 311
Gowanda, New York 14070
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **SENTA B. SIUDA, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455
Attorney for Defendants

**SCULLIN, Senior Judge**

## I. INTRODUCTION

      Currently before the Court are Plaintiff's objections to Magistrate Judge DiBianco's March 12, 2009 Report-Recommendation in which he recommended that this Court grant Defendants' motion for summary judgment dismissing Plaintiff's claims against Defendants in their official capacities and deny the motion in all other respects. *See* Dkt. No. 76. On April 20,

2009, Plaintiff objected only to the portion of the Report-Recommendation in which Magistrate Judge DiBianco recommended that this Court grant partial summary judgment as to his claims against Defendants in their official capacities.

## II. BACKGROUND

Plaintiff *pro se* filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights resulting from an incident that occurred on April 20, 2003, while he was incarcerated at Auburn Correctional Facility.

Specifically, Plaintiff alleges that, at approximately 8:45 p.m., he and several other inmates were crossing from the North Recreation Yard to the South Recreation Yard. *See* Amended Complaint at 4.  Plaintiff claims that Defendant Wright and ten other officers stopped him and "placed him on the wall" for a pat-frisk and that Defendant Koziol placed him in handcuffs. *See id.* at 4-4.1.

Thereafter, Defendant Withers allegedly told Defendant Koziol not to "do anything in the yard," but to "wait until you take him back to his block." *See id.*  Plaintiff alleges that Defendants Koziol and Withers then escorted him to a "feed-up" room, not his assigned block. *See id.* at 4-1.  Plaintiff claims that, once inside, Defendant Koziol punched him several times in the chest. *See id.*  Plaintiff also contends that Defendant Koziol ordered Defendant Wright to "beat [Plaintiff] down" and that, thereafter, Defendant Wright punched Plaintiff in the face until Defendant Koziol saw his eyes begin to bleed. *See id.*  Upon seeing the blood, Defendant Koziol told Defendant Wright not to hit Plaintiff in the face anymore, but to hit him in the body where the marks would be less visible. *See id.*

After the incident, Plaintiff alleges that Defendant Koziol told him not to tell anyone or he would "bury" him under the jail and take other disciplinary actions against him. *See id.* Plaintiff was silent when asked if he understood, and Defendant Kuc pulled Plaintiff's beard and ordered him to respond to Defendant Koziol. *See id.* Plaintiff asserts that Defendants Koziol, Kuc, Wright, and Davis were all watching at the door while the incident occurred. *See id.* Plaintiff alleges that, while he was walking back to his cell, Defendant Davis told the others that they had not "killed" the "terrorist" yet and asked why Plaintiff was still able to walk. *See id.* Defendant Davis then told the other Defendants that they should break Plaintiff's legs and arms. *See id.*

During Plaintiff's deposition, he was asked to describe the events of April 20, 2003; and, in response, he provided some additional background facts that he had not included in his amended complaint. Plaintiff testified that, on April 20, 2003, Defendant Wright stopped at his cell at approximately 5:30 a.m. to threaten him because he filed grievances and because he was a "terrorist." *See* Transcript of Deposition of Mohammed Bhuiyan dated February 13, 2008 ("Bhuiyan Tr."), at 28. Further, Plaintiff asserted that, during the incident, when he started to bleed because of Defendant Wright's assault to his face, Defendant Koziol wiped blood from Plaintiff's eyes with Plaintiff's kufi – a religious head covering. *See id.* at 34-35.

Defendants Withers, Davis, and Kuc filed a motion for partial summary judgment, claiming that (1) the Eleventh Amendment barred Plaintiff's claims against them in their official capacities; (2) Plaintiff failed to allege any constitutional violations against them; and (3) they were entitled to qualified immunity. Magistrate Judge DiBianco recommended that this Court grant the motion for partial summary judgment insofar as Plaintiff attempted to sue Defendants

in their "official capacities." *See* Dkt. No. 76. Magistrate DiBianco explained that a plaintiff cannot sue the state itself under § 1983, and that "[a]n action against state officers in their official capacity is tantamount to an action against the state." *See id.* at 9 (citing *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84, 87 & n.1 (2d Cir. 1991) (citation omitted)).

### III. DISCUSSION

Plaintiff appears to object to the Court's dismissal of his claims against Defendants in their official capacities on the ground that he sued Defendants in both their individual and official capacities. *See* Dkt. No. 79 at 1. Plaintiff also appears to object to the portion of the Report-Recommendation in which Magistrate Judge DiBianco treated all three of Plaintiff's causes of action as a single claim for excessive force.[1]

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state. *See Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (citations omitted). This absolute immunity extends to both state agencies and state officials sued for damages in their official capacities, when the essence of the claim involved is one against a state as the real party in interest. *See Richards v. State of New York App. Div., Second Dep't,* 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing *Cory v. White,* 457 U.S. 85, 102 S. Ct. 2325, 72 L. Ed. 2d 694 (1982)) (other citation omitted). "To the extent that a state official is sued for damages in his official

---

[1] Magistrate Judge DiBianco noted that, "[a]lthough all the claims seem to relate to the use of excessive force, plaintiff also seems to allege that the defendants were discriminating against plaintiff because of his religion, nationality, and race. However, the discrimination resulted in the excessive force, thus, the court has interpreted plaintiff's claim as one for excessive force." *See* Dkt. No. 76 at 8.

capacity . . . the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Gan v. City of N.Y.,* 996 F.2d 522, 529 (2d Cir. 1993) (citations omitted).

The law is clear that the Eleventh Amendment bars a § 1983 suit for money damages against a state official in his official capacity. Therefore, the Court concludes that Magistrate Judge DiBianco correctly applied the law in recommending the dismissal of Plaintiff's claims against Defendants in their official capacities. Accordingly, the Court grants Defendants Withers, Davis, and Kuc's motion for partial summary judgment and dismisses Plaintiff's claims against them in their official capacities.[2]

Although Magistrate Judge DiBianco treated all three causes of action as a single claim for excessive force under the Eighth Amendment, liberally reading Plaintiff's complaint, it appears that in the first cause of action he is alleging that Defendants violated his right to equal protection by treating him differently than other similarly situated inmates. In other words, he alleges that Defendants used excessive force against him because of his religion. In his second and third causes of action, Plaintiff appears to be alleging Eighth Amendment excessive force claims – the second causes of action against those Defendants who participated in the beating and the third cause of action against those Defendants who could have, but did not intervene to stop the beating. The Court notes that there is nothing in Magistrate Judge DiBianco's Report-Recommendation, or in this Court's adoption of his recommendation, that prevents Plaintiff from

---

[2] Although Defendants Wright and Koziol did not move for summary judgment, the same result applies to Plaintiff's claims against them in their official capacities. Therefore, the Court, *sua sponte*, dismisses Plaintiff's claims against them in their official capacities.

pursuing any of his claims against Defendants in their individual capacities.[3]

## IV. CONCLUSION

After carefully considering Magistrate Judge DiBianco's Report-Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge DiBianco's March 12, 2009 Report-Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants Withers, Davis, and Kuc's motion for partial summary judgment is **GRANTED** and Plaintiff's claims against them *in their official capacities* are **DISMISSED;** and the Court further

**ORDERS** that Plaintiff's claims against Defendants Wright and Koziol *in their official capacities* are **DISMISSED SUA SPONTE**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge DiBianco for all further pretrial matters.

**IT IS SO ORDERED.**

Dated:  September 29, 2009
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[3] The Court takes no position with respect to the merits of those claims.